# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SRINIVAS REDDY VEERAREDDY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 18-cv-2298 |
| | ) |
| CHAD KOLITWENZEW, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Interested Party. | ) |

## ORDER

On November 16, 2018, Petitioner Srinvas Reddy Veerareddy ("Petitioner") filed his Petition (Doc 1) pursuant to 28 U.S.C. § 2241 alleging he is being improperly detained by the Immigration, Customs and Enforcement Agency (ICE). He is currently housed at the Jerome Combs Detention Center in Kankakee County, Illinois. Petitioner has also filed a Motion for Service of Process at Government Expense (Doc. 4) and a Motion to Request Counsel (Doc. 5).

Section 2241 covers any claim for release by a person who contends that his custody violates the Constitution or laws of the United States. *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). Pursuant to 28 U.S.C. §§ 2243 and 2241, the Court's preliminary review indicates that the Petition could have merit and therefore orders the proper respondents to show cause, if any it may have, within twenty-one (21) days after service of this Order, why said writ should not be granted. After Respondent has filed his response, Petitioner is ordered to file any traverse or reply to the response within twenty-one (21) days after service of said response on him. The

1

Court admonishes Petitioner that a failure to reply to the response pursuant to 28 U.S.C. § 2248 will cause the Court to take the allegations in the response to the Writ of Habeas Corpus as true except to the extent that the judge finds from the evidence that they are not true.

Petitioner has not named the proper respondents in his Petition. When an alien is detained awaiting deportation due to a removal order, the proper respondent is the warden of the state jail where the alien is being kept. *Kholyavskiy v. Achim,* 443 F.3d 946, 950-53 (7th Cir. 2006). Chad Kolitwenzew, as Chief of Corrections for the Kankakee County Sheriff's Office, is the only proper respondent and is added as Respondent in this case. *See Robledo-Gonzalez v. Ashcroft*, 342 F.3d 667, 673 (7th Cir. 2003) (the writ of habeas corpus acts upon the person who confines the petitioner). Field Office Director Ricardo Wong and Kankakee County Sheriff Mike Downey are not proper respondents, and they are terminated from this case. Under Illinois law, 55 Ill. Comp. Stat. 5/3-9005(a)(4), it is the duty of the State's Attorney of Kankakee County to defend Respondent Kolitwenzew in this suit.

However, as has been done in Central District of Illinois cases *Bhatti v. Jerome Combs Detention Center et al.*, 17-cv-1480, *Gonzalez v. Kolitwenzew et al.*, 17-cv-1580, *Baez-Sanchez v. Kolitwenzew et al.,* 18-cv-2134, and *de Miranda Mendes*, 18-cv-2276, this Court will designate the United States as an Interested Party in this case. The U.S. Attorney's Office is hereby designated to represent the United States in this case.

Petitioner has filed a Motion for Service of Process at Government Expense (Doc. 4) pursuant to Fed. R. Civ. P. 4(c)(3). However, service of § 2241 Petitions is governed by 28 U.SC. § 2243 and Rules 1(b) and 4 of the Rules Governing Section 2254 Petitions, and will be completed as ordered below. Accordingly, this motion is DENIED.

Petitioner has also filed a Motion for Appointment of Counsel (Doc. 5). When confronted with a motion to appoint counsel, the Court should ask whether the Petitioner has made efforts to obtain counsel and whether the Petitioner appears competent to litigate the case himself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.2007). Here, Petitioner has made various efforts to obtain counsel, but has not been successful. However, the Court notes that Petitioner has clearly presented his claim and has not stated that he suffers from any mental or physical disability that would impair his ability to represent himself. At this time, the Court finds that Petitioner is competent to represent himself and advance his claims on his own. Accordingly, Petitioner's Motion Requesting Counsel is, respectfully, DENIED without prejudice.

IT IS THEREFORE ORDERED:

(1) Chad Kolitwenzew is named Respondent in this case. The Clerk of the Court shall serve Respondent and his statutorily-mandated attorney, Kankakee County State's Attorney Jim Rowe, by certified mail pursuant to Federal Rule of Civil Procedure 5(b), with a copy of the Petition and this Order. Respondent has twenty-one (21) days to respond to the Petition (Doc. 1).

(2) The United States is named Interested Party in this case. The Clerk of the Court shall serve the United States with a copy of the Petition and this Order. The United States has twenty-one (21) days to respond to the Petition (Doc. 1).

(3) Respondent and the United States are directed to attach those portions of the administrative record that are relevant to Petitioner's claims.

(4) Ricardo Wong and Mike Downey are terminated from this case.

(5) The Petitioner shall serve upon Respondent and the United States, or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other

document submitted for consideration by the Court. Petitioner shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Respondent or his counsel. Any paper received by this Court which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

(6) Petitioner must immediately notify the Court of any change in his mailing address. Failure to notify the Court of any change in mailing address will result in dismissal of this lawsuit, with prejudice.

(7) Petitioner's Motion for Service of Process at Government Expense (Doc. 4) and Motion Requesting Counsel (Doc. 5) are DENIED without prejudice.

ENTERED on this 20th day of December, 2018.

*s/ Sara Darrow*
Sara Darrow
United States District Judge